IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CLYDE NUBINE,
   Affiant Pro Se,

V.

A.M. STRINGFELLOW, ET AL.;
   Respondents.

\* \* \* \* \* \* \* \*

United States District Court
Southern District of Texas
FILED

APR 1 7 2000

Michael N. Milby, Clerk of Court

CIVIL ACTION NO. CA-C-00-129

" UNOPPOSED "

### AFFIDAVIT CERTIFYING NO NEED FOR NOTICE UPON RESPONDENTS, PURSUANT TO RULE 65(b)(1)(2), FEDERAL RULES OF CIVIL PROCEDURE

### AFFIDAVIT

Comes now I, Clyde Nubine, the abovestyled "Affiant Pro Se" and hereinafter referred to as affiant, aver the following, to wit:

1) he is presently housed on the McConnell Unit of the TDCJ ID, 3001 S. Emily, Beeville, Texas, as witnessed below;

2) he (affiant) is capable of making this hereincontained affidavit, and is acting pro se; &

3) he assert Respondents were sent notices of violations in this civil action see e.g., pages "-iii-" & "-iv-" of the Report And Recommendation Of United States Magistrate Judge, where notices to Respondents and their responses are cited, and to whom they did nothing rendering any further notices as useless, because affiant have proof Respondents "deliberately" kept up violations, even after one Warden Hodge had admonished this units Writ Room Supervisor!

### VERIFICATION

Affiant, respectfully contend, under penalty of perjury, the abovefound facts and information are true and correct, this 14th day of April, 2000.

_Clyde Nubine_
Clyde Nubine # 398 312
McConnell Unit 12 D 11
3001 S. Emily
Beeville, Texas   78102

Attorney In Charge:

(I)

15.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR 1 7 2000

Michael N. Milby, Clerk of Court

CLYDE NUBINE,
　　Affiant Pro Se,

V.

A.M. STRINGFELLOW, ET AL.;
　　Respondents.

＊＊＊＊＊＊＊

CIVIL ACTION NO. CA-C-00-129

" UNOPPOSED "

AFFIDAVIT CERTIFYING NO NEED FOR NOTICE UPON RESPONDENTS,
PURSUANT TO RULE 5(a)(1)(D), FEDERAL RULES OF CIVIL PRO-
CEDURE

## AFFIDAVIT

Comes Now I, Clyde Nubine, the above-styled "Affiant Pro Se" and hereinafter referred to as Affiant, aver the following, to wit:

1) It is presently housed on the McConnell Unit of the TDCJ-ID, 3001 S. Emily, Beeville, Texas, its witnessed below;

2) It (Affiant) is capable of making this herewithentailed affidavit, and is acting pro se; &

3) The absent Respondents were sent notices of violations in this civil action see e.g., Pages "-iii-" & "-iv-" of the Report and Recommendation of United States Magistrate Judge, where notices to Respondents and their responses are cited, and to whom they did nothing rendering any further notices as useless because Affiant have proof Respondents "deliberately" kept up violations even after our Warden Hackey had admonished this Units Unit Team Supervisor:

## VERIFICATION

Affiant, respectfully contend, under penalty of perjury, the above-recited facts and information are true and correct, this 15th day of April, 2000.

_Clyde Nubine_
Clyde Nubine # 318 312
McConnell Unit  12 D 11
3001 S. Emily
Beeville, Texas  78102

Attorney In Charge:

(I)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

APR 17 2000

MICHAEL N. MILBY CLERK

CLYDE NUBINE,
    Applicant Pro Se,

V.

A.M. STRINGFELLOW, ET AL.;
    Respondents.

CIVIL ACTION NO. CA-C-00-129
"UNOPPOSED"

**LEAVE OF COURT TO AMEND "PROPOSED ORDER", THAT IS ATTACHED TO "APPL-ICATION FOR A TEMPORARY RESTRAINING ORDER, PURSUANT TO RULE 65 (b)(a)-(3)(d), FEDERAL RULES OF CIVIL PROCEDURE", IN EXCHANGE FOR THE ATTACHED "REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE" AND "MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION"**

## JURISDICTION

This court's jurisdiction is invoked by 42 U.S.C § 1983; and, 29 U.S.C. §§ 636(b)(1)(A)(B)(c)(d), 1331, 1343 (a)(3)(a).

## STATEMENT

Comes now I, Clyde Nubine, seek Leave to amend the "Proposed Order" attached to his entitled application for a temporary injunction, and he beg this Court to realize he is not a "Paralegal", neither does he amount to the infamous "Jailhouse Lawyer (for whatever he may be worth, thus, some of them can still communicate the law more effectively than applicant pro se), and with Prison Officials playing games with me, and with Federal Courts Orders, it is not easy for an unlearned person to litigate on the level of experienced Lawyers, and some Para-Legals, thus, Estelle v. Gamble, 97 S.ct. 285, still hold pro se Litigants to less stringent standards than required of competent Lawyers.

Again, Prison Officials have returned to compliance, it seems, however- Officer Garron (whom I told 2 weeks ago I would be forced to litigate upon "used stationary" if he did not furnish me with supplies and he indicated he didn't care) brought me only 125 sheets of paper of the 200 Sheets I ordered about 4 Wednesdays ago, but I think said 125 sheets will suffice, Officer Veduuco has not been seen, Officer Lopez was transfered & Lieutenant Encinia provided me the Inmate Two-State Attorney General is moving something, however, an injunction is still nec-essary to prevent hard headed people from returning to past violations, it is respectfully contended.

In essence, had Officer Veduuco given me Federal Rules Of Civil Procedure, ins-tead of Federal Rules Of Criminal Procedure on Sunday, I could have discovered injunctions require "Recommendations" from this Court, as stressed, they are...

NOTE: also, motion for no notices! C.N.

-a-

CONTINUED FROM "a"

playing games, which is why I am compelled to file this second motion.

In the year 1989, an inmate whom used to debate legal procedures with me as the devils advocate, and vice versa, and whom is a Paralegal today (in 1990, I tried to get the address while on the Hughes Unit, or 1991, from him and he informed me it was too late because The Pell Grant had been outlawed), had the address to become a Paralegal - but inmates were playing games because they had torn such information from Bulletin Boards, to give such information out for a return of usually, homosexual favors, Thus, I chose the hard road for to learn the Science Of Jurisprudence, via, The Common Law or Precedence (I did read a book on the origin of Law & Contracts, however, the Paralegal Student "Refused" to let me read Volume II et seq. on Tort), and while said Paralegals are Certified in Contracts, Tort law, Real Estate, Corporate Law, Will, Deeds & Testaments; business Law and other areas of the Law, I am still down here trying to Master Tort Law and § 1983 Civil Rights Violations!

So, please excuse my muddled attempts at Litigation but because I believe my complaint & claims are not malicious & Frivolous, also that I am entitled to redress, I should be allowed to proceed my prosecution of this case.

CONCLUSION

With consideration of the above found information, it is prayed this court grant leave.

VERIFICATION

I, Clyde Nubine, respectfully contend the above facts and information are true and correct, this the 12th day of April, 2000.

Clyde Nubine<br>
Applicant Pro Se, Clyde Nubine # 398 312

CERTIFICATE OF SERVICE

I, Clyde Nubine, acknowledge the Respondents have not been served in this case, but the original and true copy of this motion, with attached report & recommendation, and Memorandum order, was sent, via, U.S. Mail to: Office Of The Clerk, Ms. Monica Seaman, 101 United States Courthouse, 521 Starr Street, Corpus Christi, Texas 78401; this the 14th day of April, 2000.

Clyde Nubine<br>
Clyde Nubine # 398 312<br>
McConnell Unit 12 D 11<br>
3001 S. Emily<br>
Beeville, Texas 78102

-b-

Attorney In Charge.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CLYDE NUBINE,
　　Applicant Pro Se,

V.

A.M. STRINGFELLOW, ET AL.;
　　Respondents.

＊
＊
＊
＊
＊
＊
＊
＊

CIVIL ACTION NO. CA-C-00-129

## REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Leave is granted. Applicant Clyde Nubine, an inmate confined in the McConnell Unit of the Texas Department of Criminal Justice, Institutional Division (hereinafter, the TDCJ ID), proceeding in forma pauperis pro se, brings this his "Application For A Temporary Restraining Order, Pursuant To Rule 65(b)(1)(2)(d), Federal Rules Of Civil Procedure", pursuant to 42 U.S.C. § 1983!

This abovestyled civil action was referred to this court on, or about April 4, 2000 pursuant to 28 U.S.C. § 636 (b)(1)(A)(B)(C)(d), for the findings of fact, conclusions of law, and recommendations for the disposition of this case. And, that an appeal, if any, shall be to the United States Court Of Appeals for the Fifth (5th) Circuit as provided by 28 U.S.C. § 636 (c)(3), provided that consent of the parties are obtained, via, 28 U.S.C. § 636(a)(1), but applicant has already consented, in lieu of Respondents consent.

Prior to an Evidentiary Hearing scheduled for April 27, 2000 at 9:00 a.m., via, Telephone Conference, he is asking this court to grant this above entitled temporary restraining order (hereinafter, t.r.o.) against Respondents - Texas Board of Criminal Justice (hereinafter, the TBCJ), the TDCJ ID, Lieutenant Encinia, Officer Velucco, Officer Green, other officers, agents, servants, employees, attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, hereby restraining said Respondents from (i) further retaliations against him, (ii) further shacklings from "Wrists To Ankles", that left him in a stooped over position and that violate contemporary standards of decency marked by the progress of a maturing society, thereby, serving no legitimate penological concern, and inter alia (iii) to restrain Respondents from their knack to subject him to the denial of current events . . .

### DISCUSSION

Retaliations & Injuries Complained Of

Applicant contend he has been retaliated against since 1986 by the TBCJ, and the TDCJ ID, due to the fact he used the grievance procedure, and exercise constitutional rights in Courts Of Law!

This court is convinced, however, that applicant has proven occasional retaliations since before 1993, because a suit was on file, pursuant to § 1983 . . . . .
NOTE: personal.

-i-

in the United States District Court, Beaumont, Texas, in # 1-94CV-1609, Style: Clyde Nubine V. Carol S. Vance, Et Al., while he was on the Mark W. Stiles Unit of the TDCJ ID, and including motion that was entitled "Amended Pleading, Pursuant To Rule 15(a), Federal Rules Of Civil Procedure", dismissed without prejudice, tend to reflect an Institutional wide plot to retaliate against him, thus, on page "-5-" with paragraphs 1 & 2, state:

"In showing the TDCJ ID spot an established practice of restricting select inmates - and in this case without notice of penalty - See Inmate Grievance Form, Unit Number: 16217, Code: 270, Date Received: April 21, 1994, under "State Grievance", plaintiff stated:

"Since October, 1993 I have been on handcuff restriction because I am exercising my constitutional rights in Federal Courts! I have not received any write ups, neither have I thrown any human waste materials on officers DESPITE THEIR MANY DISCRIMINATORY ACTS AGAINST ME." 25

Accordingly, paragraphs 3 & 4 of abovesaid "Dismissed Lawsuit", show Prison Officials evasive answer (they were trying to trick applicant to attend U.C.C. meetings that proved futile, however, applicant was thrown out into General Population in October 1996, any how, although he never asked to - among Gang Members, see pages -2- #2ª to -2ᶜ of applicants "Plaintiff's Answers To The Court's Questionnaire", in the U.S. District Court, Wichita Falls, Texas, # 7-98CV-117-R [Formerly #7-98CV-117-X], Style: Clyde Nubine, TDCJ No. 398312, V. Alan B. Polunsky), thereby stating:

"The said restriction, in reality, was initiated against plaintiff in February, 1994 to about September 7, 1994, under "Warden's Decision and Reason", it is stated:

"You have been on restraint restriction since April 21, 1994. This is not a form of disciplinary it is a classification status. This is reviewed every 90 days by a classification committee. Grievance Denied." 25

Additionally, this court deem the McConnell Unit's Writ Room Officials Lieutenant Encinia (delivered Trust Fund Printout on 4/12/2000), Officer J. Lopez (was reportedly transferred to another Unit), Officer Veducco, and one Officer Green (whom said under his breath as he turned his head that he didn't care if applicant did have to litigate on "used stationary", did deliver 125 sheets of paper on 4/12/ 2000), are using "Congressional Intent" or sentiments toward the Prison Litigation Reform Act (hereinafter, the PLRA), Enacted in 1995, which amended CRIPA 18 U.S.C. § 3626 and which became effective April 26, 1996... to convince themselves they are new found Congressional Agents - charged with stopping Frivolous Lawsuits, and being the applicant has been meddling since, at least, said 1993, such make him prime target for said herein-mentioned* violations or injuries! Thus, Respondents appear to be furthering a plot to keep up "Retaliations" against applicant by (i) refusing him adequate access to Law Books (ii) refusing ......

NOTE: herein-mentioned.

-11-

ClibPDF - www.fastio.com

him (applicant) "Legal Supplies", although his Inmate Trust Fund Printout show he has been Indigent since March 26, 1999 ... and inter alia (iii) Respondents have refused any Brochures or Information as to Department Heads on this Unit and many Officers do not wear "Name Tags", to prevent grievances & suits against them ... applicant had to send to this court for §1983 Forms to File this suit, and Applications to make Installment Payments have been denied him but Respondents only silently acquiesce to their Violations, despite notices sent to them.

In City Of St. Louis V. Praprotnik, 108 S.ct. 925, the "Top Policymakers" must be served notice of violations, and Collins V. City Of Harker Heights, Texas, 112 S.ct., at 1071 (1992) (involving Supervisory Liability); also See, e.g., Williams V. Smith, 781 F.2d, page 323 (2d cir. 1986) (where Superior Officials are Liable for failing to act after being notified to remedy the wrong)! Thus, the TBCJ, and the TDCJ were sent the below found notice which is only one among many—after these McConnell Unit Officers started their retaliatory attacks upon applicant, thus:

" Dear Sir; Your Hispanic Officers on this Unit, are very hard headed ... and they do not respect authority as they should. I don't know whom your writ room Supervisor is but I have written him several requests (you Still have not sent any brochures on who's who, on this Unit) For (i) Law Books, (ii) §1983 Forms, (iii) truck mail envelopes (from mailroom), (iv) Applications (2) For Installment Payments (If payments are not made, cases will be dismissed, appeals denied, and TDCJ ID will be Liable For denial of access to Courts), and (v) Officers refuse to give me more than 2 I 60 Forms! Sir, it appear to me that regardless as to what you say, your insubordinate Writ Room Supervisor will do what he wants to do, and the Law require that you properly control him. I am not trying to tell you how to do your job ... but you should have a Follow up Check of these Officials, i.e., the Hispanic Officer which delivers Indigent Supplies ...... "

Respondents may have read his Letters, applicant contends, because on Wednesday April 12, 2000 (15 days before Evidentiary Hearing) they delivered supplies, and then sent out a Trust Fund Printout to this Circuits Appellate Court, however, a Female Lieutenant had investigated matters on April 11, 2000 but violations have already occurred, and this Court finds without injunctive relief that Respondents may easily return to past retaliations. Thus, Respondent Stringfellow's response to the above notice was uneventful because Respondents kept on violating, and state:

" X Your correspondence is being returned for your records and disposition." (Respondent Stringfellow, also directed applicants attention to "Staff Counsel For Offenders")

Respondent Scott, made Four(4) responses on "3-6-00", under "Complaints Against Staff", from the TDCJ ID Correspondence Office in that (a) "Your Letter is being returned unanswered", (b) "If you have a complaint ... to staff Misconduct ..

CONTINUED FROM -iii- ...

"they should be directed to the <u>Unit Warden or his designee</u>", (c) "If you have a complaint ... to staff misconduct ... they should be directed to the <u>Unit Internal Affairs Investigator or Contact the Internal Affairs Division, P.O. Box 99, Huntsville, TX. 77342-0099</u>" and (d) "Your correspondence is being returned for your records and disposition." Consistent with applicant's claim I, he contend the following injuries occurred:

The TBCJ, And The TDCJ ID Need Be Restrained From Further Commissions Of Retaliations Against Applicant Since 1986, Due To His Usages Of The Grievance Procedure And His Legal Activities In Courts Of Law, Whereas, Applicant Is Subjected To Illegal Shacklings That Violate Contemporary Standards Of Decency, Denied Legal Materials Boarding On Denial Of Access To Courts, And Subjected To Innumerable Unnamed Retaliations That Serve No Legitimate Penological Concern! See, 42 U.S.C. § 1997d; Amendment One (1), Amendment Eight (8), And Amendment Fourteen, Section One (14, §1), United States Constitution.

On <u>March 8, 2000</u> the TBCJ, and the TDCJ ID (their "Top Policymakers") were sent copies of the below cited notice and did "Nothing" to stop violations, thus:

"(2) L. Rodriguez, is not rumored to be the writ Room Supervisor", and Warden Hodge has seen to it that I have release forms for my printout Clt. Encinia returned to denying applicant printouts until 4 (12/2000) "but Installment payments still have not been dealt with"; &

(3) Other non grievable complaints must be presented to courts, but Sir(s), the practice of shackling me to a ball like situation (If TDCJ do not harm me, under this PLRA, I have no room to complain about what you do to others, unless I can show harm to myself) is illegal because it serve no legitimate Penological Goal."

Thereafter, on <u>March 27, 2000</u> applicant received a response from <u>Respondents Stringfellow, Scott and Johnson</u>, that did not stop the violations and if applicant is shipped to Robertson Unit, Abilene, Texas, for a Spears Hearing on <u>May 2, 2000</u> he will know if they maintain their policy that left him (applicant) shackled in a stooped over position on two (2) prior ocassions, or not, thus, their only response to the abovecited <u>March 8, 2000</u> notice, is as follows:

"<u>X</u> Your letter is being returned unanswered ......"; &

"<u>X</u> Your correspondence is being returned for your records and disposition."

Accordingly, claim II, state:

"Respondents A.M. Stringfellow, Wayne C. Scott, And Gary Johnson Are The Top Policymakers Of The TBCJ, And The TDCJ ID, Who Were Notified Of Violations Concerning Illegal Shacklings, Law Library Violations And Other Violations But Have Failed To Do Anything To Illeviate The Violations ... As They Acted Under Color Of State Law In Their Executive And Individual Capacities, Violating Clearly Established Laws, By Upholding Retaliations Since 1986, Via, Illegal Restraints And Their Silent Acquiescing ...

-iv-

CONTINUED FROM "-IV -"

" To Law Library Violations! See, 42 U.S.C.§ 1997d; Amendment Eight (8), And Amendment Fourteen, Section One (14,§1), United States Constitution."

Claim III involve the "John Doe" Respondents (whom) shackled and/or shipped applicant shackled "Wrists To Ankles" in a [said] stooped over position, on February 6, 2000 (a "Special Chain", on Sunday), from said Abilene, Texas, to Beeville, Texas, and applicant must await disclosures from Respondents Representative if, and when they are issued Service of process, at any rate, Claim III reads:

" Respondents John Doe, John Doe, John Doe And John Doe, Acted Under Color Of State Law In Their Executive And Individual Capacities, Violating Clearly Established Laws, Furthering An Institutional Wide Plot -Constituting A Custom Of Usage - By Shackling Applicant "Wrists To Ankles" In A Stooped Over Position From Abilene Texas To Beeville, Texas, Done Without A Legitimate Penological Concern. See. 42 U.S.C.§ 1997d; Amendment Eight (8)* And Amendment Fourteen, Section One (14,§1), United States Constitution."

Claim IV, involve a challenge to the constitutionality. the PLRA, because it is contended Congress Exceeded its Authority, via, The Enforcement Clause when said PLRA was Enacted To Deprive all inmates of immunities and privileges, as did applicant, in their "redefining" The Constitution to also... give State Actors "unprecedented Blanket Immunities, which have escalated Constitutional Violations in our Nations Prisons too, thus, to insure the carrying out of sanctions on all inmates for Filing and Docketing Fees, although Congressional Intent, applicant contends, was meant to Sanction those who File "Frivolous Lawsuits", the much needed funds to the Federal Judiciary were, suspiciously, "Slashed" and forcing, thereby, Courts Administrations operate from Sanctions collected from Inmates, and unprepared Lawyers. That, concerned Millions of Tax Payers Money, yet Congress is totally silent over the Millions, and Billions of Tax Payers Money, this Nations Commander in Chief is, "Routinely", giving away to developing Countries - because he tell Tax Payers that they are "Too Tight Wad" and that the Billions Of Dollars being given away is "Not Their Money, Any way"..... if given the chance to file proofs in a Preliminary injunction, applicant contend he can "prove" his said Claim IV, which state?

" Respondent - The PLRA, Amended CRIPA, 18 U.S.C.§ 3626 In 1995, And Became Effective April 26, 1996, Was Enacted By Congress As They Exceeded Their Authority, Via, The Enforcement Clause, In Redefining THE Immunities And Privileges Of ALL Inmates, Through Partial Codification Of The Judicial System To Assure Their Interpretations Of The Constitution Would be carried Out, Thus, Applicant Cite Violations To The Separation Of Powers, His Liberty To Petition For Damages Without Physical Injuries, And To Filing & Docketing Fees! See, 28 U.S.C. §§ 1915(a)(1)(b)(1), 1915A(b)(2);

NOTE: Contemporary standards of decency concern 8th Amendment Violations, but deliberate indifference is 14th Amendment Violation.

NOTE: Suspiciously.

-V-

ClibPDF - www.fastio.com

CONTINUED FROM "-v-"

"42 U.S.C. § 1997 c(e)", Article I, §§§§ 1, II, 8[1], 8[18], And Article II, §1, United States Constitution; Amendment One (1), Amendment Five(5), And Amendment Fourteen, Sections One, & Five (14, §§ 1, 5), United States Constitution."

## WHY INJURIES ARE IRREPARABLE & REASONS FOR T.R.O.'s ISSUANCE

Aforesaid Amendments One (1) (where applicant can no longer petition the government for damages absent a physical injury & where he maintain a right to stay abreast with current Events), Five (5), (where applicant has a liberty interest to be free from the exceeding of Congressional Power, done without Due Process), Eight (8) (where it was cruel to shackle applicant in a ball like position for 6½ hours & in one "shipping", applicant could not drink any water neither could he relieve himself & that is shocking to this courts sensibilities, however, such a "Shipping" happened in another Judicial District), and Amendment Fourteen, Sections One & Five (14, §§ 1, 5] (where Congress redefine the immunities of the Due Process Clause in a violation of Separation of Powers, via, The Enforcement Clause; and the deliberate indifference violations of Respondents responses renders them liable for suit), United States Constitution, constitute requisite "irreparable injuries". Accordingly, a t.r.o. should issue, without notice, as stressed, to prevent further violations, and subsequent irreparable injuries.

## Why t.r.o. Was Granted, Without Notices To The Respondent Parties

The notices cited above on pages "iii", and "iv", of this Report and Recommendation prove Respondents were notified (applicant contend there are other notices & responses not cited at this time), and chose to not properly control their subordinates, because Lieutenant Encinia (and Officer Green, delivered only portions of supplies applicant had requested) just kept on violating until said Wednesday, April 12, 2000.

## RECOMMENDATION

After hearing further testimonies, at the Evidentiary Hearing held by Telephone Conference on April 27, 2000, at 9:00 a.m., while applicant was sworn in on the McConnell Unit of the TDCJ ID, pursuant to Spears V. McCotter, 766 F. 2d 180 (5th Cir. 1985), with 28 U.S.C. §§ 636 (b)(1)(B), 1915(a)(1); it is, therefore, recommended that applicant's t.r.o. be granted on this ____ day of _____, 2000, at the hour _____ ..... as to Respondents the TBCJ, and the TDCJ ID, whereas service of process should be issued them for a response within 30 Days to summons and original complaint; thus, response to this t.r.o. and it's claims should not require an immediate answer from Respondents but upon 2 Days Notice to applicant, Respondents may "appear and move it's dissolution or modification" of said t.r.o., move to dismiss, change, or abate it's effect and/or await service of preliminary injunction from applicant! Additionally,

NOTE: Also see, 28 U.S.C. § 2403(a)!

-vi-

This court recommends service upon said "John Doe" Respondents, be withheld until after the names of those "Transportation Officers" are disclosed, whereas, applicant is required to prosecute further proceedings. Further,

Because this civil action involve a question to the constitutionality of an Act of Congress in said PLRA, pursuant to 28 U.S.C. § 2403(a) ... this court recommend that this t.r.o. should not issue upon said PLRA, but that service of summons, complaints and true copies of this t.r.o., with this Report and Recommendation, be issued upon non parties for a response within 100 Days, to wit:

(1) Office Of The United States Attorney General
Ms. Janet Reno
Department Of Justice
10th Street, & Constitution Avenue, N.W.
Washington, D.C.        20530;        &

(2) Office Of The United States Attorney
Mr. Timothy Hammer (Ass. U.S. Att. In charge)
606 N. Carancahua Street
1400 Wilson Plaza, West Tower
Corpus Christi, Texas   78476;

The United States Attorney General function as Amicus Curiae - Interuenor, and Federal Questions in Amendments One (1) (question that it abridges applicants right to petition for damages when PLRA is used, or whether PLRA violates it), Five (5) (whether PLRA violate Liberty of the Due Process Clause, via, Congresses Enactment), and Fourteen, Sections One, Five (14, §§ 1, 5) (whether Congress redefined immunities & privileges of applicant, and State Actors, via, The Enforcement Clause), United States Constitution, need be certified to her.

<u>OBJECTIONS</u>

Within ten (10) days after receipt of this United States Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations of the United States Magistrate Judge, see, 28 U.S.C. § 636 (b)(1)(c).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Thomas V. Arn, 474 U.S. 240, 248 (1985); Rodriguez V. Bowen, 857 F.2d 275, 276 - 277 (5th Cir. 1988).

Signed, this ____ day of _____, 2000.

_____
Hon. Jane Cooper-Hill

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CLYDE NUBINE,
    Applicant Pro Se,

V.

A.M. STRINGFELLOW, ET AL.;
    Respondents.

\* \* \* \* \* \*

CIVIL ACTION NO. CA-C-00-129

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGES REPORT AND RECOMMENDATION

Applicant Clyde Nubine, an inmate in the Texas Department of Criminal Justice Institutional Division, proceeding pro se and in forma pauperis, brought this civil rights suit pursuant to 42 U.S.C § 1983 against A.M. Stringfellow, Wayne C. Scott, Gary Johnson, John Doe, John Doe, John Doe, John Doe, and Respondant Prison Litigation Reform Act (PLRA).

The Court heretofore referred this matter to the Honorable Jane Cooper-Hill, United States Magistrate Judge, at Corpus Christi, Texas, for consideration pursuant to applicable laws and orders of this Court. The United States Magistrate Judge recommends (i) that a t.r.o.* issue against the Texas Board Of Criminal Justice (TBCJ), and the Texas Department Of Criminal Justice, Institutional Division (TDCJ ID), Lieutenant Encinia, Officer Veducco, Officer Green, their Officers, agents, servants, employees, attorneys and those persons in active concert or participation with them who receive actual notice of this order by personal service or otherwise, this ___ day of _____, 2000, at the hour of _____, restraining them from (a) Furthering a plot against applicant to retaliate since, at least, 1993, due to his usages of the grievance procedure, and for the exercise of Constitutional Rights, whereas, the McConnell Units Unit Room Officials in Lieutenant Encinia, Officer Veducco, Officer Green and others have been retaliating by "Forcing" applicant to litigate upon "Used Stationary" to four (4) Federal Courts (E.g., the U.S. Court of Appeals for the 5th Circuit, in # 00-10191, in a motion to appeal IFP; in this Court, # CA-C-00-129, an application for a t.r.o.; in the United States District Court, Wichita Falls, Texas, # 7-98CV-117-R, in motion to add a claim & defendants; & U.S. District Court, Abilene, Texas, # 1-00 CV-27-C, in a motion to add a claim), when they "Refused" to deliver Indigent Writing Supplies - applicant is without adequate Financial Support - they also "Refused" ... Law Books, Installment Payments, Trust Fund Printouts, any Brochures or Information as to Department Heads on said McConnell Unit, and any other forms of "Retaliation", including (b) the TDCJ ID's knack to move him in cells and areas where he is cut off from current events, via, the usage of his own radio while he is considered Level I, and (ii) to restrain the TBCJ, and the TDCJ ID from further shacklings to his "Wrists and Ankles", thereby, leaving him in a ball like or "Stooped Over" position, that

NOTE: * temporary restraining order.

-1-

CONTINUED FROM "-1-"

Some no legitimate Penological concern but do further undermine the constitution, thus, said t.r.o. should issue upon Respondents without notice but upon 2 Days notice to applicant, the Respondents may appear and move it's dissolution or modification, or to "dismiss, change or abort said t.r.o., in lieu of a hearing for a preliminary hearing[*1] to maintain the status quo, if granted, whereas an equity court, out of the presence of a Jury, may consider a permanent injunction. And service of process should issue upon Respondents of summons, original complaint, but "John Doe" Respondents must not and cannot be served until their full names are disclosed. As the "Transportation Officers" which shipped applicant to the said McConnell Unit, Beeville, Texas, from the Robertson Unit, Abilene, Texas, via a "Special Chain" had on a Sunday, February 6, 2000; thus, Respondents are to respond within 30 Days. Further,

The Prison Litigation Reform Act (PLRA) is named a defendant, and before this court can rationally began to consider the granting of injunctive relief, an answer should be had, by which time Rules of Law would give rise to a preliminary injunction[*] and not a said t.r.o.; thus, because an Act of Congress is brought into question, it is recommended this t.r.o. and it's attachments, with the original complaint be served the United States Attorney General, Ms. Janet Reno, Department of Justice, 10th St., & Constitution Ave., N.W., Washington, D.C. 20530 (certifying Amendments 1, 5 & 14 §§ 1,5, United States Constitution, to her)"; and upon the United States Attorney, Mr. Timothy Hammer (Ass. U.S. Attorney In Charge), 606 Carancahua Street, 1400 Wilson Plaza, West Tower, Corpus Christi, Texas 78476; for a response within 60 Days of recciption. With the state of events of Congressional Fervor tending to breath down the necks of the Federal Judiciary that applicant call "Partial codification", it is in the best of Justice for this court to await responses for a justiciable format, before adjudication.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, affidavits, pleadings and all available evidence. Objections have & have not been filed to the Report and Recommendation of United States Magistrate Judge.

<u>PROPOSED ORDER</u>

Accordingly, it is ordered, adjudged, adjudicated and decreed the findings of fact and conclusions of law of the Magistrate Judge in this civil action are correct and the Report of the United States Magistrate Judge is Adopted. In essence,

It is ordered the Clerk of this court to comply by issuing service upon Respondents for an answer within 30 Days, and said t.r.o. without a notice to them; also... that the United States be served in accordance with this herein contained order.

Signed this ___ day of _____, 2000.


Hon. Janis Graham Jack
United States District Judge


NOTE: Because Respondents will be
  in the preliminary stages, unless
  a seperate t.r.o. is granted.

NOTE II. preliminary injunction.

-2-