United States District Court
Southern District of Texas
ENTERED

JUN - 2 2000

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

CLYDE NUBINE                    §
                                §
V.                              §        C.A. NO. C-00-129
                                §
A.M. STRINGFELLOW, ET AL.       §

## ORDER OF DISMISSAL

Proceeding *pro se* and *in forma pauperis*, plaintiff filed his complaint (D.E. 1) alleging constitutional violations of his First and Eighth Amendment rights. Plaintiff has brought suit against A. M. Stringfellow, Wayne Scott, Gary Johnson, and four transportation officers named as John Doe defendants. All defendants are employees of the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID"). Plaintiff seeks damages and injunctive relief.

On April 14, 2000, pursuant to an order of reference (D.E. 12), the case was reassigned to the undersigned to conduct all further proceedings, including entry of final judgment. 28 U.S.C. § 636(c). A telephonic <u>Spears</u> hearing was conducted on April 27, 2000. <u>Spears v. McCotter</u>, 766 F.2d 179 (5th Cir. 1985). For the reasons discussed below, plaintiff's claims are dismissed as frivolous and for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

# I.   JURISDICTION

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

## II.   FACTS AND PROCEEDINGS

Plaintiff alleges that on February 6, 2000, the four John Doe defendants shackled him wrists to ankles and forced him to remain "in a [stooped] over position," also described by plaintiff as a "ball-like" position, for six-and-a-half hours during a bus ride from the Robinson Unit in Abilene to the McConnell Unit in Beeville. Plaintiff claims that the John Doe defendants acted in accordance with a policy instituted by the three named defendants-- Stringfellow, Scott, and Johnson-- which requires shackling of prisoners in this manner.  Plaintiff contends that this policy violates the Eighth Amendment because it serves no penological interest.  Plaintiff also claims that defendants conspired to shackle him in retaliation for his participation in a lawsuit in 1986 and for his writ writing activities in subsequent lawsuits. Plaintiff seeks a temporary restraining order prohibiting defendants from shackling prisoners, and damages.

## III.   DISCUSSION

### A.   In Forma Pauperis screening

"The federal *in forma pauperis* statute enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that

2

indigent litigants have meaningful access to the federal courts."
Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831
(1989) (citing Adkins v. E.I. DuPont de Nemours & Co. 335 U.S. 331,
342-43, 69 S. Ct. 85, 90-91 (1948)). The in forma pauperis statute
provides that the Court shall dismiss the case if the Court
determines that the action is frivolous or malicious, or fails to
state a claim upon which relief may be granted. 28 U.S.C. §
1915(e)(2)(B); 28 U.S.C. § 1915A(b). The in forma pauperis
litigant lacks the economic incentive which prevents other
litigants from filing frivolous suits. Thus, the power of sua
sponte dismissal may be invoked by the court to prevent abusive
litigation and to "spare prospective defendants the inconvenience
and expense of answering such complaints." Neitzke, 490 U.S. at
324, 109 S. Ct. at 1831.

A complaint is frivolous under § 1915(e)(2)(B)(i) when "it
lacks an arguable basis either in law or in fact." Neitzke, 490
U.S. at 325, 109 S. Ct. at 1831-32. District judges have the
authority "to dismiss a claim based on an indisputably meritless
legal theory." Neitzke, 490 U.S. at 327, 109 S. Ct. at 1833. The
Fifth Circuit has interpreted the Supreme Court's ruling as
permitting a two pronged test: an in forma pauperis proceeding may
be dismissed sua sponte when (1) the claim has no realistic chance
of ultimate success or (2) the claim has no arguable basis in law

and fact.  <u>Booker v. Koonce</u>, 2 F.3d 114, 116 n.9 (5th Cir. 1993); <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 438 (5th Cir. 1989). A pleading fails to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) when the claimant can prove no set of facts entitling him to relief.  <u>Lowrey v. Texas A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997).

**B.   Eighth Amendment**

Plaintiff claims that defendants' policy of shackling prisoners "wrists to ankles" during transport constitutes a violation of the Eighth Amendment.  He does not claim that he was in extreme discomfort or that his circulation was cut off.  Rather, he claims that the practice is "cruel and unusual" because it serves no legitimate penological interest.

To make out an Eighth Amendment violation a plaintiff must show a serious deprivation of "the minimal civilized measure of life's necessities" and "offending conduct [that is] wanton." <u>Wilson v. Seiter</u>, 501 U.S. 294, 298, 302, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991) (quotations omitted).  A successful challenge to conditions of confinement requires a showing that prison officials have been deliberately indifferent to an inmate's health or safety. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994).  Plaintiff makes no such showing.

"[T]he use of shackles and handcuffs are restraints commonly used on inmates, even those of a preferred status." <u>Jackson v.</u>

4

<u>Cain</u>, 864 F.2d 1235, at 1244 (5th Cir. 1989).  Thus, their use, by itself, does not violate the Eighth Amendment.  <u>Id</u>.  Shackling may constitute a violation when it is accompanied by violence against the inmate, as occurred in <u>Hudson v. McMillian</u>, 503 U.S. at 4,  112 S. Ct. at 997 (plaintiff had alleged sufficient injury to state a claim for excessive force under the Eighth Amendment when he had been shackled and punched in the mouth, eyes, chest, and stomach, resulting in minor bruises and swelling of his face, mouth, and lip).  However, shackling "cannot be considered cruel and unusual punishment unless great discomfort is occasioned deliberately as punishment or mindlessly, with indifference to the prisoner's humanity."  <u>Cain</u>, at 1243.

Here plaintiff acknowledges that he was nt in physical pain, nor was he deprived of life's necessities while in transport. Plaintiff alleges that the shackling was done to punish him, and for no other penological reason.  This argument is without merit. The obvious need to prevent escape and to ensure the safety of transportation officers constitute legitimate penological interest served by shackling an inmate during transport.  While plaintiff claims he has been transported at other times without shackles, this does not mean that their use in this instance was a constitutional violation.  It cannot be said that the practice is mindless or wanton.

Plaintiff has failed to identify any injury that was caused by the shackling.   He alleges no violence against him, and refers to no physical injuries that resulted from the incident.   The Court therefore finds that plaintiff's Eighth Amendment claim against defendants is dismissed as frivolous and for failure to state a claim.   28 U.S.C. § 1915(e)(2)(B).

## C.   Retaliation

Plaintiff claims that defendants shackled him in retaliation for his participation in lawsuits against TDCJ-ID.   To state a claim of retaliation an inmate must invoke a violation of a specific constitutional right and be prepared to establish that, but for the defendant's retaliatory motive, the adverse incident complained of would not have occurred.   Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir.1995), cert. denied, 516 U.S. 1084, 116 S.Ct. 800 (1996); see also Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir.1997).   Further, to support a claim of retaliation, the inmate must produce direct evidence of motivation,   or "allege a chronology of events from which retaliation may be plausibly inferred."   Woods, 60 F.3d at 1166.   Mere conclusory allegations are insufficient.   Id.; Richardson v. McDonnell, 841 F.2d 120, 122-23 (5th Cir.1988).

Plaintiff alleges that defendants retaliated against him for exercising his first amendment right of access to the courts and grievance system.   See Bounds v. Smith, 430 U.S. 817, 828 (1977)

6

(prisoners have a constitutional right of meaningful access to the Courts). However, he has not presented any evidence to support his retaliation claim. He states only that defendants shackled him in retaliation for a court case in which he was scheduled to testify a number of years ago. These allegations are merely conclusory, and therefore insufficient. To sustain a claim of retaliation, an inmate must allege facts demonstrating a connection between the defendants' actions and the exercise of plaintiff's rights, not merely conclusions or opinions. <u>Whittington v. Lynaugh</u>, 842 F.2d 818 (5th Cir.), <u>cert. denied</u>, 488 U.S. 840 (1988). Accordingly, plaintiff's retaliation claim is dismissed as frivolous under § 1915(e)(2)(B)(i).

**D.   Conspiracy**

Plaintiff claims that defendants conspired to deny plaintiff his constitutional rights. To allege a claim of conspiracy to deprive a plaintiff of his constitutional rights, 42 U.S.C. § 1985(3), a plaintiff must allege, (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States. <u>Hilliard v. Ferguson</u>, 30 F.3d 649 (5th Cir. 1994). Where all of the defendants are members of the same collective entity, however, the conspiracy

does not involve two or more people.  <u>Hilliard</u>, 30 F.3d at 653; <u>see</u> <u>also</u> <u>Moody v. Jefferson Parish Sch. Bd.</u>, 803 F.Supp. 1158, 1166 (E.D.La.1992) (School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), <u>aff'd</u>, 2 F.3d 604 (5th Cir.1993); <u>Hankins v. Dallas Indep. Sch. Dist.</u>, 698 F.Supp. 1323, 1330 (N.D.Tex.1988) (high school and its officials constitute a single entity); <u>Chambliss v. Foote</u>, 421 F.Supp. 12, 15 (E.D.La.1976) ("the university and its officials are considered as constituting a single legal entity which cannot conspire with itself"), <u>aff'd</u>, 562 F.2d 1015 (5th Cir.1977), <u>cert. denied</u>, 439 U.S. 839 (1978).

Plaintiff produces no facts, other than his personal belief, that there is a conspiracy.  The plaintiff must offer facts, and not merely personal speculation.  See <u>Hilliard</u>, 30 F.3d at 653 (noting that "mere allegations" are not sufficient to show a conspiracy).  Moreover, the defendants are members of the same collective entity.  Plaintiff's conspiracy claim is dismissed as frivolous under § 1915(e)(2)(B)(i).

**E.   Constitutionality of PLRA**

Plaintiff also challenges the constitutionality of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996)("PLRA").  At the <u>Spears</u> hearing, plaintiff explained that he is challenging the provision of the PLRA which prohibits prisoners from bringing suits for money damages based on conduct that results

8

in only mental or emotional injury. The section to which he refers, § 1997e(e), specifically states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Plaintiff challenges the validity of this provision under the Fifth and Fourteenth Amendments to the United States Constitution. While it is unclear whether plaintiff has standing to challenge this provision, since the Court has not dismissed any of his claims under § 1997e(e), the Court finds that plaintiff's challenge is unavailing in any event.

Section 1997e(e) is a valid limitation on damages available under § 1983. Davis v. District of Columbia, 158 F.3d 1342 at 1345-46 (D.C. Cir. 1998); Zehner v. Trigg, 133 F.3d 459 at 461-62 (7th Cir. 1997); Leon v. Johnson, 2000 WL 674698 at *5 (W.D.N.Y.2000). The damages remedy available under § 1983 was congressionally established; now Congress has expressed its clear intent to restrict that remedy in section 1997e(e). Zehner, 133 F.3d at 461-62. The restriction does not impinge on a fundamental right, therefore strict scrutiny is not warranted. Davis, 158 F.3d at 1345-46; Zehner, 138 F.3d at 462. It is rationally related to a legitimate governmental interest, that of curtailing frivolous litigation, so it does not run afoul of the Fourteenth Amendment. Id. Further, it does not violate the Fifth Amendment right of

9

access to the courts.  <u>Davis</u>, 158 F.3d at 1346-47.  The remedies remaining to the plaintiff are ample; the plaintiff may sue for injunctive or declaratory relief if he is subject to an on-going threat of physical injury.  <u>Davis</u>, 158 F.3d at 1347.  The Constitution does not demand an individually effective remedy for every constitutional violation.  <u>Zehner</u>, 133 F.3d at 462.

Plaintiff has therefore failed to state a claim challenging the constitutionality of § 1997e(e).  Accordingly, plaintiff's claim is dismissed under 1915(e)(2)(B)(ii).

## F.   Temporary Restraining Order

Plaintiff renewed his motion for a temporary restraining order at the <u>Spears</u> hearing.  Plaintiff seeks an order prohibiting TDCJ-ID from shackling him in this manner during transport.  In order to obtain a temporary restraining order or preliminary injunction, a plaintiff must demonstrate: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the plaintiff will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury outweighs the threatened harm to the defendant; and (4) that granting the preliminary injunction will not disserve the public interest. <u>Justin Indus. v. Choctaw Sec., L.P.</u>, 920 F.2d 262, 268 n. 7 (5th Cir. 1990).  A temporary restraining order is an extraordinary remedy; it should be granted only if the plaintiff clearly carries the burden of persuasion as

10

to all four factors.  <u>Mississippi Power & Light v. United Gas Pipe Line</u>, 760 F.2d 618 (5th Cir. 1985).

As to the first requirement, plaintiff has failed to show a substantial likelihood of success on the merits; the Court has here dismissed all of his claims as frivolous or for failure to state a claim.  As to the requirement of potential irreparable injury, plaintiff has not shown that the injury he suffers when shackled is irreparable, or that it is extreme enough to warrant a remedy as drastic as an injunction in light of the security interests that weigh against his requests.  Finally, the threat to the safety of the transporting officers, and the public's interest in the safe transportation of prisoners, outweigh the minimal harm the plaintiff alleges will occur if he is shackled again for a brief period of time during transport.  The Court therefore denies plaintiff's renewed motion for a temporary restraining order.

## IV. CONCLUSION

For the foregoing reasons, the Court FINDS that: (1) plaintiff's Eighth Amendment claims, as well as his claims of retaliation, and conspiracy, and plaintiff's challenge to the constitutionality of § 1997e(e) of the PLRA, are DISMISSED under §

11

1915(e)(2)(B)(i) and (ii); and (2) plaintiff's renewed motion for a temporary restraining order is DENIED.

ORDERED this ___/___ day of_____June_____, 2000.


_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE


12