IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLYDE NUBINE | § | |
| | § | |
| VS. | § | C.A. NO. C-00-129 |
| | § | |
| A.M. STRINGFELLOW, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S
MOTION FOR A COPY OF THE SPEARS HEARING TRANSCRIPT**

Plaintiff, a Texas state prisoner proceeding *pro se* and *in forma pauperis* ("i.f.p.") filed this civil rights action on March 28, 2000, complaining that defendants violated his First and Eighth Amendment rights when they shackled his wrists to his ankles for a six-and-a-half hour bus ride. Plaintiff argued that the policy of shackling prisoners in this manner during transportation violates the Eighth Amendment because it serves no legitimate penological purpose. He also complained that he was shackled in retaliation for his participation in other lawsuits.

A telephonic Spears hearing was conducted on April 27, 2000. Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). Thereafter, by order and final judgment entered June 1, 2000, plaintiff's claims were dismissed as frivolous and for failure to state a constitutional violation (DE #20, #21).

Plaintiff timely filed his notice of appeal (DE #25, #26) and by order entered July 10, 2000, plaintiff was granted leave to proceed i.f.p. on appeal (DE #30).

Pending is plaintiff's motion for a copy of the Spears hearing transcript to be printed at the expense of the United States. For the reasons stated herein, plaintiff's motion is denied.

## **DISCUSSION**

A.  **Fees for transcripts.**

Fees for transcripts furnished to persons permitted to appeal i.f.p. shall be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but present a substantial question). 28 U.S.C. § 753(f). The burden is on the appellant to demonstrate the particular need for the transcript and he must identify any facts that might require a close examination of the trial transcript. Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S. Ct. 2659 (1985). Moreover, payment by the United States for printing of the record on appeal and transcripts may also be ordered only if the record or transcript is required by the appellate court. 28 U.S.C. § 1915(c).

B.  **Plaintiff's alleged grounds for appeal.**

Plaintiff intends to appeal the dismissal of his § 1983 claims on the following grounds:

1.  The trial court erred in finding in its Order of Dismissal that plaintiff was seeking monetary damages;

2.  The trial court erred when it rejected plaintiff's argument that the shackling was done to punish him and for no other penological reason;

3.  The trial court erred by finding that plaintiff's retaliation claim was not proven;

4.  The trial court erred by finding that there could be no conspiracy between a governmental entity and its employees;

5.  The trial court erred in finding that plaintiff had no standing to challenge 42 U.S.C. § 1997e(e); and

2

6. The trial court erred in finding that temporary restraining orders are governed by the strict standards required of a preliminary injunction, in particular, of maintaining the status quo.

**C.  Analysis of plaintiff's grounds for appeal.**

In his first proposed issue for appeal, plaintiff argues that the trial court erred in finding in its Order of Dismissal that plaintiff was seeking monetary damages.

Plaintiff did not request monetary damages in his original complaint. See DE #1 at 4. However, the type of remedy plaintiff may or may not have been seeking in this lawsuit had no bearing on the Court's determination that plaintiff's claims were frivolous and/or failed to state a constitutional violation. Further, a copy of the Spears transcript is not necessary to raise this issue. This issue does not present a substantial question and thus cannot support a request for a copy of the Spears hearing transcript.

Plaintiff's second challenge is that the trial court erred when it rejected plaintiff's argument that the shackling was done to punish him and for no other penological reason.

Concerning this issue, the Court first noted that the use of shackles in and of itself did not violate the Eighth Amendment. See Jackson v. Cain, 864 F.2d 1235, 1244 (5th Cir. 1989). Moreover, plaintiff alleged no physical pain or injury as a result of the shackling, nor was he deprived of life's necessities such that no Eighth Amendment claim was raised. Finally, the Court found that the need to prevent escape and to ensure the safety of transportation officers did constitute a legitimate penological

3

interest, and not mere punishment. This is a question of law which requires no transcript.

Plaintiff's third issue on appeal is that the trial court erred in finding that plaintiff had failed to prove his retaliation claim. Here, plaintiff alleged that defendants retaliated against him for exercising his first amendment right of access to the courts. However, plaintiff presented no evidence either in his original complaint or at the Spears hearing to support his retaliation claim; he only stated that defendants shackled him in retaliation for a court case in which he was scheduled to testify a number of years ago. His allegations were merely conclusory and therefore insufficient. The Court of Appeals can order the production of the Spears transcript if it is necessary to resolve this issue.

Plaintiff's fourth issue on appeal is that the trial court erred in dismissing his conspiracy claim. This is a question of law which requires no transcript. Here, the Court found that there can be no conspiracy where all the defendants are members of the same collective entity. See Hilliard v. Ferguson, 30 F.3d 649 (5th Cir. 1994). Because all defendants were TDCJ-ID employees, the conspiracy did not involve two or more people and this claim failed to state a claim as a matter of law.

In his fifth issue on appeal, plaintiff claims that the trial court erred in finding that plaintiff had no standing to challenge amended 28 U.S.C. § 1997e(e). In fact, the Court made no such ruling on plaintiff's standing but only noted that "it is unclear whether plaintiff has standing to challenge this provision...". DE

4

#20 at 9. Moreover, this is a question of law which requires no transcript.

In his final claim on appeal, plaintiff argues that the trial court erred in applying the same standard for temporary restraining orders as for preliminary injunctions. This is a question of law which requires no transcript.

The undersigned cannot certify that there are non-frivolous issues for appeal. Moreover, payment by the United States for printing of the record on appeal and transcripts may also be ordered only if the record or transcript is **required** by the appellate court. 28 U.S.C. § 1915(c); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S. Ct. 2659 (1985). The Fifth Circuit Court of Appeals has not yet indicated that it requires a transcript of any proceedings in this case.

Accordingly, plaintiff's motion for a copy of the Spears transcript (DE #28) is denied.

ORDERED this ___3___ day of August, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

5